We've got your briefs, we look forward to your argument, we've got it scheduled for one minute aside, and I believe it's Mr. Carroll, you go first. Is that right? Thank you, Your Honor, and good afternoon. Dennis Carroll, on behalf of Rhett Irons, the appellant, I'd like to reserve two minutes for rebuttal, and may it please the court. The central and hard-fought issue at trial below was the infurtherance element of Count 2, the 924C firearm offense. And that count should be reversed for at least two reasons. First, the court's supplemental instruction misstated the meaning of infurtherance by equating infurtherance with a connection between the firearm and the drug trafficking offense. And secondly, the trial court allowed the government to bolster its testimony, to bolster its case through expert testimony that was provided without any reliability determination and nothing in the record to support the reliability of the expert's testimony. Both of these issues went to the heart of the defense theory that Mr. Irons, although he was a drug dealer and he possessed the firearm, the firearm, however, was not possessed infurtherance of the drug trafficking offense. So review again the circumstances to where the firearm in question was. It was under the mattress, right? It was under the mattress of a queen-size bed in the master bedroom, and as the government will point out, he sold drugs out of his bedroom or the bathroom attached to the master bedroom. Do we know how far under the mattress it was? I mean, it could be right at the edge and I can grab it in a second. It's, you know, it's a big bed. It's three feet in. Do we know? Well, there's a photo included in the answering brief provided by the government. It looks to be it's about two feet in or so. The agent is lifting up the mattress. The agent testified that he would have had to lift the mattress up using two hands, although he was holding it and taking the picture at the same time. The firearm was holstered. There was not a round in the chamber. There were two cartridges also in the holster. But yes, there was no testimony by any of the many, many co-defendants or co-conspirators called by the government that Mr. Irons discussed the firearm in relation to his drug trafficking crimes. There was no discussion by these co-conspirators that he possessed the firearm when he went out to sell drugs or pick up drugs. The only testimony about the firearm was one from his girlfriend that he took it on a trip to Disneyland for protection, and there's no evidence that that trip had anything to do with drug trafficking. And another incident is where he reached under his mattress when he was startled by one of his housemates. And again, that incident, there's nothing in the record that suggests that that had anything to do with drug trafficking. Can you help us with the standard of review on both of the issues you've teed up today? There's at least an argument on the other side that both of them are subject to plain error review, so help us with that. So, for the instructional error, I argue that it should be reviewed de novo. The trial court received the question from the jury. The trial court proposed an instruction and then called the lawyers in. They already had the instruction in their hand. And then the defense objected. The defense said, you shouldn't answer the question. And if you answer it, it will be over our objection. The court said, yes, yes, I understand. You've got your objection, but I want to talk about this instruction that I proposed, and I want you to offer any changes to it. And then there was some discussion about what you... We have the chronology in mind. Let me just, I guess, be more specific. I was hoping you'd zero in on the legal issue. Is it sufficient to preserve a challenge to an instruction like this that you ask the judge as your first position not to give any instruction at all? Or after the judge says, no, I'm going to give an instruction. Now tell me if you have a problem with this language. Are you then obligated to point out to the judge the defect in the language that you now want us to rule in your favor on? Well, I think the issue here was clear that Mr. Iron's attorneys initially proposed instructions that offered a different and more specific definition of the in-furtherance element. And then here, the court came back to the instruction that it was initially proposing to put in its original instructions. And they objected. They asked the court to not instruct the jury further with its proposed instruction. There was some tweaking, but I don't think this was a situation where he invited error by offering tweaks to the instruction. I'm not talking about invited error. I'm saying that the judge made it clear that he was not in agreement with the first out-of-the-box position. He said, I am going to give an instruction. Now tell me, and I think he gave two or three opportunities, tell me if you have a problem with this specific language. And obviously, the word you want us to focus on now is connection. It would have been very easy, I think, for the defense lawyer to say, I don't know if you are going to give an instruction. Whatever you do, please, you cannot include in this instruction the word connection. That just completely undercuts the element that the government has to prove, and perhaps go back to the original instruction that your client had proposed. But to say, well, just can you change, to say, what was it, concluding but not limited to, or some inconsequential change, that just seems to me not to have done enough to alert the judge that you are about to walk into error if you put out an instruction that uses the word connection. I understand the court's point, but my argument is that the circumstances based on the prior instructions offered to the court clearly put the court on notice what the issue was. And yes, trial counsel, it wasn't me, could have been clearer, but they did stand by their objection to the supplemental instruction that was offered. The court also asked about the standard of review for the expert testimony. And here, the defense filed a motion citing Dalbert, citing Rule 702, moving to exclude the expert's opinion. The trial court plainly rejected that. And then again, when the issue came up at trial and the expert testified about the relationship between guns and drug trafficking, the defense, again, objected based on foundation and a number of other factors. So the 702 issue was squarely raised, and that also should be reviewed for an abuse of discretion. Are you saying that there was a specific objection on reliability grounds? Because that I didn't quite pick up. Or are you instead saying, well, you know, there's no magic words requirement to use Judge Collins' question from the last argument. Do you know what I'm saying? Because I don't remember, I remember the, again, the first out-of-the-box position was, Your Honor, this is not an appropriate topic for expert testimony at all. This is absurd. Don't let this person testify, period. But then once that position was overruled, I don't remember there being an objection to say, well, okay, if you're going to let him testify, he can't possibly, you know, do what drug dealers oftentimes do without some greater, you know, foundation being laid. So help me understand your position on that. Well, I don't think there's any magic words that need to be used as part of the objection other than foundation. The defense objected pretrial. The court let it in conditionally as long as there was a reliable foundation or a foundation laid. And then when the question was asked, there was a foundation objection. So I think the court was made aware of the nature of the objection and the reasons for the objections. I think the defense can't have two grounds for objecting to the evidence. And clearly, trial counsel raised both, both the Daubert and 702 issues, as well as the, oh, this is just common sense and experts shouldn't be allowed to opine about this particular subject. Okay. Well, let's hear, you've saved some time. Let's hear from the government and then you can respond. Good afternoon, your honors, and may it please the court. Michael Morgan for the United States. I will pick up on the standard review applicable to the supplemental instruction. And that standard review is clearly plain error here. The defense's objection was to giving any instruction at all, which I should point out was the defense's position throughout at, at the trial. They didn't want in furtherance defined at all from the jump. So trial court went along with that and didn't define it. And isn't it clear that the reason why they didn't want that is they were afraid that further elaboration would be a watering down of the standard. And so shouldn't we construe this later objection is in the context of what went before? Well, I think I agree with that point. I mean, the chronology, which the court is aware of, the court initially proposed to have the term defined. Then prior to the charge conference changed its mind and decided it didn't want the defined. And then when the court initially proposed defining it in the initial final instruction, the defense objected specifically to the failure to give the model charge, which doesn't have a definition and the trial court went along. So the judge, the jury is initially not instructed as to a definition of in furtherance. In response to the question, the court says it's going to now provide a definition. The defense in the defense continues to object to any obstruction, any instruction, whatever, which is sort of on the theory. And the theory was you shouldn't be singling out any instruction. That's sort of the nature of the defense objection. So don't give any supplemental instruction. Then when the court says, no, I'm going to, I'm going to give an instruction, the defense acquiesce in the ultimate instruction that was given. So they can't come in here now and say that they're just that piece of it. But the problem is that this was a replay of an issue that had been hashed over and everyone knew what everyone's position was. And so I don't see why we should be playing mother may I games on the instruction here and trying to raise the standard of review. Well, with respect, your honor, the defense's position was, I would say they didn't want a definition. They proposed two definitions, but before trial abandoned that position and they didn't want a definition. So I agree. The defense did initially offer some definitions of in furtherance, but they made clear to the judge at the initial charge conference, they didn't want those instructions. They wanted the model charge with no, with no definition. So I don't think it's fair to the trial judge to somehow impute to him that when the defense is not objecting to the language of its instruction that, remember those charges I said earlier, they reiterated, they didn't want a further objection because it's going to water down the word further. And that's exactly what happened in this supplemental instruction. Well, I don't, I'm sure the standard of review matters. I don't, honestly, I don't think it matters either because if, if, if what we're going to fight about is the use of the term connection versus the use of the term nexus, I would argue that term connection is functionally the same word. And especially for a lay jury that, I mean, it's easier to understand the term connection, especially when it's, when you read the entire supplemental instruction, because what is the connection? What's the difference between connected to and in relation to, is there a difference between those two? I'm, I'm not sure. I, probably minimal, but again, I would, I would direct the court. Correct. Well, now, but then hold on because this language was added by Congress to overrule Bailey. Yes. Rather than just overrule Bailey and add possess to use or carry, they put a separate clause that raised the requirement from doing it in relation to, to in furtherance of. And this instruction waters it back down to the original clause. And so this seems to undo exactly what Congress rejected. Well, I, I'm not sure. Well, I'm not sure I actually agree with that. If you take this court's formulation for how to determine whether or not a firearm is, is possess, is possessed in furtherance of, you ask, is there a nexus between the firearm and the drug offense? And you, that's the totality of the circumstances test. That's exactly. We said that, we said that in, in that case, in terms of sufficiency, but not in terms of identifying the standard. And I, it makes sense to say that if there's a nexus and the issue is ultimately the defendant's intent about furtherance, if there's a nexus, it's going to be sufficient evidence. If there's a nexus, the intent's going to be arguable, the jury can go either way. And so I don't, I don't see that as establishing a nexus standard and that would, that would seem contrary to everything they said on the page before in that case. But, but I guess my point is that you're, you can't just focus on the word connection in isolation. You have to, the, the very next sentence of the instruction in determining whether a firearm was possessed in furtherance of count one or count three, you may consider the totality of the circumstances, including, but not limited to proximity, accessibility, and the strategic location of the firearm. That's precisely what the fact finder is supposed to focus on in making the determination of whether or not the firearm was possessed in furtherance of. But the instruction in terms of saying, look at those factors, put it into the basket of, is there a connection? And I don't think Krauss says that that's the standard. Krauss doesn't, Krauss uses the term nexus, not, not use the term nexus, not connection, but those terms are synonyms. And I would also- Krauss uses that language in talking about sufficiency. When Krauss talks what the standard is, it says help forward, promote, advance, promote, or facilitate. In other words, this element turns on the intent of the defendant. There is no discussion of nexus or connection. It's only when they get to sufficiency and they say, well, if there's an evidence of connection, that's going to make it sufficient. I don't view that as substituting and taking back everything they said on the page before. I, I, I'm, I respectfully disagree, Your Honor, only in the sense that like, if you, if my position would be is that if you're, if you focus the jury on the factors they're supposed to consider in determining whether or not the evidence would support the in furtherance finding, that would seem to me to be correct instruction. You're telling the jury what to look at to make this finding. And now, and again, it's like whether or not the firearm is connected to the offense. And by the way, we also know that connection has to mean more than possession because the jury is specifically defined that it's possession in furtherance of. So possession and in furtherance are different things. So we understand that. So there's not a problem as far as somehow or other, this is I think when you direct the jury to what they need to look at, that should be sufficient to guide their inquiry into whether or not that element has been met. But how does it just, but just help, help me out. How does saying a connection, not reduce this to the prior clause of doing it in relation to, how is that not equivalent to the clause in the other clause in the statute? Well, I mean, I guess I'm, I'm, I'm stuck with the position that in furtherance is further defined beyond connection. Again, it's like, I understand that. I understand your honor's point. That that's not what the sentence says. It says in furtherance means there must be a connection between the firearm and yes. But then I understand, but then the declarative sentence, that's what it means. But the sentence that follows provides meat on the bones of how to determine what it means to be in furtherance, i.e. you look at the totality of the circumstances to determine if that connection, i.e. the in furtherance is met. I really, honestly, I don't know how you would better instruct the jury than tell it by telling them factually, these are the how to better instruct the jury. You say in furtherance means somehow facilitating or helping out. It's not merely, I mean, connection is such a broad and undifferentiated word. I mean, philosophers will tell you that if you throw chalk against the blackboard, it influences butterflies in China. I mean, connection can be attenuated to such an extraordinary degree that connection by itself doesn't mean very much, and that's not very demanding. And then the explanatory words thereafter, I take your point, proximity, accessible, strategic rotation suggests a certain kind of connection, but it doesn't really say facilitate. Well, then I guess I'm going to have to fall back onto at a minimum harmless error, but it should in fact be plain error. And on this record, you wouldn't need a reversal here, because there's more than sufficient evidence to support this finding. As the defense pointed out This is largely a common sense finding. It is a matter of common sense that drug traffickers who are involved with large quantities of drugs and money, who can't rely on the police for protection, if they have firearms in close proximity to their drug business, a reasonable jury can infer that those drugs are meant to facilitate their drug trafficking. That's that was certainly the case here. So even if the court were to find that there was some error, I would suggest one that error is not plain. And even if you were to find that the error is plain, because there is no case so holding, then I would certainly say that standard for reversal under plain error has not been met. I see that my time is up. So I'll have to rely on my brief for the remaining points unless the court has any questions. Okay. I see none. Thank you, Mr. Morgan. Mr. Carroll, you've got some time. Thank you, Your Honor. I'd like just to make a few points. First of all, I think it's a common sense idea that drug traffickers always are usually have firearms. And I thought about this this week, and I thought, let's look at the Sentencing Commission report. The 2020 overview of federal criminal cases states that weapons were involved in less than a quarter of all drug trafficking offenses prosecuted in federal courts for that year. So it is not just common sense. My second issue, going back to Judge Collins' point about connection does not equal in furtherance. In Fongsi, this court found an instruction erroneous because it did confuse the prior version of the statute with the in furtherance version that was added after the court's decision in Bailey. And in Fongsi, the court found an error where the instructions defined in furtherance to mean played a role in the offense. And this court said that's wrong because it's possible that a gun could play a role in the offense, but not for the defendant to intend it to further the crime. And similarly here, a gun can be connected, meaning have some contextual association, but not be possessed with the intent to further the offense. Nor was the error harmless in this case. Clearly, the jury was struggling with this issue. They asked two questions on it. And an appropriate instruction would specifically refer to the defendant's intent, that he possessed the intent or possessed the firearm with the intent to further or advance or promote the drug trafficking offense. And unless the court has any questions, I'll rely on my briefing. Okay, I think I see no further questions. Thank both sides for your helpful arguments. United States v. Irons, submitted for decision.
judges: W. Fletcher, Watford, Collins